## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **LATAWNYA DENISE COWAN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 20-1243-JWB-GEB |
| | ) |
| **STATE OF KANSAS and** | ) |
| **PETE ANDRE CLIFTON,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## REPORT AND RECOMMENDATION

Latawnya Denise Cowan, proceeding pro se, brings this action against the State of Kansas and Defendant Pete Andre Clifton, aka Kim Lee. She alleges various federal claims, including citations to the Americans with Disabilities Act, Rehabilitation Act, 42 U.S.C. § 1983, and 18 U.S.C. § 1201, a federal kidnapping statute. She claims she has suffered permanent emotional, physical, and financial damages due to the discrimination by, and negligence of, Defendants. She indicates she was the victim of kidnapping, human trafficking and torture while a ward of the State of Kansas, and the State failed to protect her. (ECF No. 1, ECF No. 3 at 1.) She also claims the State failed to prosecute defendant Clifton or "enforce child support and victims [sic] restitution." (ECF No. 1 at 4.)

Simultaneous with the filing of this Report and Recommendation, the Court granted Plaintiff's request to proceed in this case without prepayment of the filing fee. (Order, ECF No. 5.) However, the authority to proceed without payment of fees is not without limitation. When a party seeks to proceed without the prepayment of fees, § 1915 requires the court

to screen the party's complaint. Under 28 U.S.C. § 1915(e)(2), sua sponte dismissal of the case is required if the court determines that the action 1) is frivolous or malicious, 2) fails to state a claim upon which relief may be granted, or 3) seeks relief from a defendant who is immune from suit. Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action."[1] After application of these standards, the undersigned Magistrate Judge issues the following report and recommendation of dismissal pursuant to 28 U.S.C. § 636(b)(1)(B).

Fed. R. Civ. P. 8(a)(2) requires that a complaint provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Additionally, the complaint must state more than "labels and conclusions" and "[f]actual allegations must be enough to raise a right to relief above the speculative level."[2] Because Plaintiff proceeds pro se, her pleadings must be liberally construed.[3] However, she still bears the burden to allege "sufficient facts on which a recognized legal claim could be based"[4] and the Court cannot "take on the responsibility of serving as [her] attorney in constructing arguments and searching the record."[5] Fed. R. Civ. P. 8 "demands more than naked assertions."[6]

On review of the allegations of the Complaint, in conjunction with the allegations contained in Plaintiff's Motion to proceed without prepayment of fees, the undersigned

---

[1] *King v. Huffman*, No. 10-4152-JAR, 2010 WL 5463061, at *1 (D. Kan. Dec. 29, 2010) (citing Fed. R. Civ. P. 12(h)(3)) (emphasis added).
[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[3] *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991).
[4] *Id*.
[5] *Mays v. Wyandotte County Sheriff's Dep't*, 419 F. App'x 794, 796 (10th Cir. 2011) (citing *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir. 2005)).
[6] *Cohen v. Delong*, 369 F. App'x 953, 957 (10th Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)).

concludes there is an insufficient factual basis in the Complaint to raise a right to relief above the speculative level. By failing to provide any factual support for her allegations, Plaintiff fails to state a claim upon which relief may be granted as to her claims against Defendants State of Kansas or Pete Andre Clifton, aka Kim Lee. Additionally, her claims against defendant Clifton appear to be related to child support matters, an issue over which this federal court has no jurisdiction.[7] Furthermore, Plaintiff cites to a criminal statute, 18 U.S.C. § 1201 to support her kidnapping claim; however, Plaintiff is a private citizen who has no power to initiate criminal proceedings against Defendants.[8]

Accordingly, **IT IS THEREFORE RECOMMENDED** that Plaintiff Latawnya Denise Cowan's claims against the State of Kansas and Defendant Pete Andre Clifton, aka Kim Lee be dismissed for failure to state a cognizable claim under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B).

**IT IS ORDERED** that a copy of this recommendation shall be mailed to Plaintiff by certified mail. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), Plaintiff may file a written objection to the proposed findings and recommendations with the clerk of the district court within fourteen (14) days after being served with a copy of this report

---

[7] *See, e.g., Johnson v. Domestic Rels. Sec.*, No. 18-1294-JWB-GEB, 2019 WL 1915563, at *1 (D. Kan. Apr. 30, 2019) (upholding the magistrate judge's recommendation to dismiss the case, in part due to the lack of jurisdiction over a child support issue); *see also Hunt v. Lamb*, No. 06-4083-JAR, 2006 WL 2726808, at *2 (D. Kan. Sept. 22, 2006) (liberally construing plaintiff's civil rights complaint to be a "collateral attack on the state court's rulings in child custody and child support matters.").

[8] *Noel v. Elliot*, No. 12-3116-SAC, 2012 WL 2120761, at *1 (D. Kan. June 12, 2012) ("As a private citizen, plaintiff simply has no authority to prosecute criminal charges.") (citing *Andrews v. Heaton,* 483 F.3d 1070, 1076 (10th Cir. 2007) and *Mamer v. Collie Club of America, Inc.,* 229 F.3d 1164, *2 (Table)(10th Cir. 2000)("private citizens cannot prosecute criminal actions")).

and recommendation.  Failure to make a timely objection waives appellate review of both factual and legal questions.[9]

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 22nd day of March, 2021.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[9] *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).