IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LATAWNYA DENISE COWAN,

        Plaintiff,

v.                                                Case No.  20-1243-JWB

STATE OF KANSAS and
PETE ANDRE CLIFTON a/k/a KIM LEE,

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on a Report and Recommendation ("R&R") from United States Magistrate Judge Gwynne Birzer. (Doc. 6.) The R&R recommends dismissal of all claims asserted by Plaintiff in her complaint. Plaintiff has not filed any objection to the R&R and the deadline for doing so has now passed. For the reasons stated herein, the court ADOPTS the R&R and DISMISSES Plaintiff's complaint.

In her complaint, Plaintiff alleges that she is blind, has impaired mobility, is mentally and emotionally impaired, and is chronically ill. Plaintiff further alleges that she was a ward of the state from 1975 to 2020 and that the State of Kansas failed to provide reasonable accommodations, disability services, protective services, and allegedly aided in her kidnapping. (Doc. 1 at 3.) Plaintiff further alleges that the State of Kansas failed to prosecute Defendant Pete Clifton for his crimes or to enforce child support. (*Id.* at 4.) Plaintiff alleges claims under the Americans with Disabilities Act, 42 U.S.C. § 12132, the Rehabilitation Act, 29 U.S.C. § 794, a claim for deprivation of her rights under 42 U.S.C. § 1983, and kidnapping under 18 U.S.C. § 1201.

Magistrate Judge Birzer recommended dismissal of Plaintiff's claim because the allegations fail to provide any factual support. Rather, they are merely "naked assertions." (Doc. 6 at 2.) Reviewing the complaint, the court agrees. Moreover, Plaintiff has cited to a criminal statute; but, as a private citizen, Plaintiff "simply has no authority to prosecute criminal charges." *Noel v. Elliot*, No. 12-3116-SAC, 2012 WL 2120761, at *1 (D. Kan. June 12, 2012) (citing *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007)).

On March 22, 2021, notice of the filing of the R&R and a copy of the R&R was mailed to Plaintiff by certified mail at the address she included on her complaint. (*See* ECF March 22, 2021 Notice.) The certified letter was returned to the court as "unclaimed." (Doc. 7.) Plaintiff is also a registered pro se participant and receives ECF notifications. (Doc. 4.) After receiving the returned certified mail, the court instructed the clerk's office to resend the R&R by regular mail and to resend the order by email.[1] (Doc. 8.) That order notified Plaintiff her deadline to respond to the R&R was extended to May 5, 2021. (*Id.*) Plaintiff has not filed an objection. Under Fed. R. Civ. P. 72(b), the court is only required to review de novo "any part of the magistrate judge's disposition that has been properly objected to." *See also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") The court has nevertheless reviewed the magistrate judge's recommendations in this matter and concludes the R&R is appropriate and should be adopted in its entirety.

The court also notes that Plaintiff is proceeding in forma pauperis. (Doc. 5.) As a result, this court has authority under 28 U.S.C. § 1915(e)(2) to dismiss the complaint upon a

---

[1] There was a concern that the first notification in March 2021 was not sent to the correct email due to the placement of a "." in the email address and the email was ordered to be resent to the email address as set forth in Plaintiff's registration. The text receipt on the ECF notification displays that the email address is now correct. (Doc. 8.)

-3-

determination that it fails to state a claim.  For the reasons stated in Magistrate Judge Birzers's R&R and the reasons stated herein, the court finds that Plaintiff's complaint fails to state a claim.

**IT IS THEREFORE ORDERED** this 11th day of May 2021, that the Report and Recommendation (Doc. 6) of Magistrate Judge Birzer is ADOPTED.  Plaintiff's complaint is hereby DISMISSED.  The clerk is directed to enter judgment of dismissal.

                                                s/ John W. Broomes
                                                JOHN W. BROOMES
                                                UNITED STATES DISTRICT JUDGE